UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**MICHAL SWIATKOWSKI** and          )
**LIDIA SWIATKOWSKI,**              )
                                    )
      **Plaintiffs,**             )
                                    )
      v.                         )   Civil Action No. 15-267 (RMC)
                                    )
**BANK OF AMERICA, CORP.,** *et al.*,)
                                    )
      **Defendants.**            )
_____ )

**OPINION**

Plaintiffs, Michal and Lidia Swiatkowski are proceeding *pro se* in this matter. They seek to enjoin or void state court foreclosure proceedings against their real property located at 7 Park Lane Pl., Massapequa, New York. The following Banks are the Defendants in this case: Bank of America, Corp.; Citibank, N.A.; Citimortgage, Inc.; Citicorp, Inc.; and Citigroup, Inc. While the Complaint is somewhat garbled, Plaintiffs allege that: (1) a judgment of foreclosure was issued by a New York State Court after the Banks "made a fake Foreclosure Note"; (2) that they were "brutally thrown out of their own house"; (3) that the Banks "used extremely dangerous conspiracies to steal more than one/third of a million from the Plaintiffs' mortgage account"; and (4) that Bank of America is selling their house. Compl. [Dkt. 1] at 2-4. They further claim that the Banks "perpetrated a fraud upon the lower court, federal court, appellate division court, bankruptcy court, and federal court in New York." *See id*. at 6. Attached to the Complaint are hundreds of pages of unidentified and partial documents from

suits involving the foreclosure and Plaintiffs' multiple bankruptcy petitions.  Plaintiffs ask this Court to "reverse the judgment entered."[1]  *See id*. at 38.

The Banks obtained a judgment of foreclosure and sale against the 7 Park Lane property on October 13, 2005, and Plaintiffs filed numerous successive bankruptcy petitions staying the foreclosure proceedings.  *See Citibank, N.A. v. Swiatkowski*, 98 A.D.3d 555 (N.Y. App. Div. 2012).  The U.S. District Court for the Eastern District of New York has noted that the Swiatkowskis "ha[ve] a history of litigation involving duplicative lawsuits."  *Swiatkowski v. CitiMortgage, Inc.*, No. 10-CV-6024 JFB, 2011 WL 4369520, at *1 (E.D.N.Y. Sept. 19, 2011) (citing *Swiatkowski v. Citibank,* 745 F. Supp. 2d 150, 175 (E.D.N.Y. 2010), *aff'd*, 478 F. App'x 704 (2d Cir. 2012).  As of September 2011, the Swiatkowskis had filed eight bankruptcy petitions and multiple federal lawsuits, all in an attempt to raise claims in federal court relating to the 2005 foreclosure judgment and to delay the foreclosure of the 7 Park Lane Place property. *Swiatkowski*, 2011 WL 4369520, at *1.  Thus far, Plaintiffs attempts have been unsuccessful.

In 2011, Plaintiffs were served with a petition for eviction.  A trial was held in Nassau County District Court, and a judgment of possession was entered in favor of the Banks on October 13, 2011.  *See Citibank, N.A. v. Swiatkowski*, Civ. No. 12-0196 (JFB) at *2 (E.D.N.Y. Feb. 21, 2012).[2]  The Swiatkowskis removed the case to the Eastern District of New York, but the case was remanded for lack of jurisdiction.  *Id*. at *7.  In remanding, the Eastern District of New York relied on the *Rooker-Feldman* doctrine, which provides that federal district courts lack authority to collaterally review state court judgments, *see Rooker v. Fidelity Trust*

---

[1] Plaintiffs do not specify the court or the judgment for which they seek reversal.

[2] A copy of this unpublished slip opinion is attached to the Complaint as part of Exhibit W.

*Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *Id*. at 6-7.

Before proceeding with this case, the Court must determine whether it has subject matter jurisdiction. Even though *pro se* complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate the claim. A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, an dismissal for lack of jurisdiction be rendered *sua sponte* at any time. Fed. R. Civ. P. 12(h)(3); *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011).

When determining whether a case should be dismissed for lack of jurisdiction, a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Plaintiffs seek a "reversal" of the New York State Court judgment of foreclosure and sale. This Court lacks jurisdiction to do so. This Court is not a reviewing court and it lacks jurisdiction to compel another court to act. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions). Further, under the *Rooker-Feldman* doctrine, this federal district Court lacks authority to collaterally review the state court judgment. S*ee Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994). To the extent the matter is still pending in New York State Court, this Court is restrained from interfering. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also District Properties Associates v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[B]ased on principles of equity . . . the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."). In addition, this Court has no authority to issue a writ of mandamus to compel the state court to perform a judicial act. The Court's mandamus authority extends only to "officer[s] or employee[s] of the United States or any agency thereof . . . ." 28 U.S.C. § 1361.

Accordingly, the Complaint [Dkt. 1] will be dismissed for lack of subject matter jurisdiction. A memorializing Order accompanies this Opinion.

Date:   February 26, 2015                              /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge